ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Fax)
rphillips@psalaw.net
mwessel@psalaw.net

*Attorneys for Defendant
Walmart, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DENISE R. CARSON, individually, | Case No.: |
| Plaintiff, | [District Court, Clark County Case No.: **A-19-798606-C,** Dept. No.:XXXII] |
| v. | |
| WALMART, INC., a Foreign Corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through V, inclusive, | **DEFENDANT WALMART, INC.'S PETITION FOR REMOVAL OF CIVIL ACTION** |
| Defendants. | **[JURY DEMAND]** |

COMES NOW, Petitioner WALMART, INC. (hereinafter "Petitioner"), by and through its counsel of record, the law offices of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submits the following memorandum in support of its Petition for Removal of Jurisdiction to Federal Court:

I.

Petitioner WALMART, INC. is currently the only true named Defendant in the above-captioned action.

II.

The above-entitled action was commenced by Plaintiff DENISE R. CARSON (hereinafter "Plaintiff") on July 16, 2019 in the Eighth Judicial District in and for Clark County, District of Nevada. Said case is currently pending in that court. Plaintiff served her Summons on Petitioner on November

1  13, 2019. True and correct copies of Plaintiff's operative Complaint and Summons are attached hereto
2  as **Exhibits "A," and "B,"** respectively. Defendant and Plaintiff participated in a telephone conference
3  on December 3, 2019 wherein Defendant was informed Plaintiff would be seeking approximately
4  $2,000,000.00 in damages in the instant action and would be sending a demand for the same. Defendant
5  sent a communication on December 16, 2019 confirming Plaintiff was requesting $2,000,000.00 in
6  damages and would be sending a demand for the same amount. Plaintiff confirmed the information the
7  same day. The communications sent between the parties are attached hereto as **Exhibit "C**."

8  Plaintiff's December 16, 2019, confirmation of her pending $2,000,000.00 demand is the "first
9  paper" received by Petitioner from which removability may clearly be ascertained that the amount in
10  controversy in this action exceeds $75,000.00.

11  Based on her alleged damages of $2,000,000.00 alone, Plaintiff's damages clearly exceed the
12  $75,000.00 federal threshold. As such, there is no dispute that 28 U.S.C. §1446(b)'s $75,000 amount in
13  controversy requirement is met.

14                                                             III.
15  This Petition is timely filed pursuant to 28 U.S.C. § 1446(b).
16                                                             IV.
17  This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) and
18  is one which may be removed to this Court by Petitioner, pursuant to 28 U.S.C. § 1441(a).
19                                                             V.
20  Petitioner is informed, believes, and thereon alleges that Plaintiff is, and was at the time this
21  action was commenced, a citizen of the State of Nevada.
22                                                             VI.
23  Petitioner is, and was, at the time this action was commenced, a Delaware corporation with its
24  principal place of business in the State of Arkansas. As such, Petitioner is a citizen of the State of
25  Delaware and citizen of the State of Arkansas.
26  . . .
27  . . .
28  . . .

### VII.

The above-entitled civil action is for personal and economic damages Plaintiff allegedly incurred after slipping and falling at Walmart Store No. 4356 located at 7200 Arroyo Crossing Pkwy., Las Vegas, Nevada (Clark County).

### VIII.

A copy of Petitioner's Petition for Removal of Civil Action, seeking removal of the above-entitled action to the United States District Court, District of Nevada, together with a copy of the Summons and Plaintiff's Complaint have been deposited with the Deputy Clerk in the County Clerk's office for the Eighth Judicial District Court in and for Clark County, Nevada.

### IX.

True and correct copies of all pleadings and papers served upon Petitioner in the above-entitled action are filed herewith.

### X.

This Petition is filed with the Court within thirty (30) days after Petitioner was informed telephonically Plaintiff would be seeking $2,000,000.00 in damages which was then confirmed in writing on December 16, 2019 by Plaintiff. Plaintiff's written confirmation of the $2,000,000.00 in damages sought in this action was the "first paper" that put Petitioner on notice that Plaintiff's claimed damages clearly exceed the $75,000 federal diversity jurisdiction threshold. (Exh. C) Given the amount of Plaintiff's demand (**$2,000,000.00**), Plaintiff's damages *clearly total over* $75,000. Therefore, Plaintiff's anticipated damages meets 28 U.S.C. §1332(b)'s amount in controversy requirement. *See* 28 U.S.C. §1332(a) (2015); *see also Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (reversing dismissal for lack of jurisdiction, relying, in part, on estimated future medical expenses to determine that the amount in controversy exceeded the jurisdictional amount); *see also Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999) (holding that it was facially apparent from plaintiff's Complaint that claims exceeded $75,000.00 where plaintiff alleged property damage, travel expenses, an emergency ambulance trip, a six-day hospital stay, pain and suffering, humiliation and a temporary inability to do housework); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (holding that it was facially apparent that plaintiff's wrongful termination exceeded $75,000.00 based on the

1  lengthy list of compensatory and punitive damages combined with a claim for attorney fees in her
2  Complaint).
3       As such, it is wholly reasonable that these cumulative claims for damages and diversity of the
4  parties meet the requisite requirements set forth by 28 U.S.C. §1441(b) and 28 U.S.C. §1332.

## **PRAYER**

WHEREFORE, Defendant prays that the above-entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada, to this Court.

DATED this 2nd day of January, 2020.

**PHILLIPS, SPALLAS & ANGSTADT LLC**

*/s/ Megan E. Wessel*
_____

ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
504 South Ninth Street
Las Vegas, Nevada 89101

*Attorneys for Defendant
Walmart, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of January, 2020, I served a true and correct copy of the foregoing, **DEFENDANT WALMART INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**, as follows:

☐ By facsimile addressed to the following counsel of record, at the address listed below:

☐ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☐ By Hand Delivery (ROC); and/or

☒ By Electronic Filing/Service Notification to:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| TODD M. LEVENTHAL, ESQ.<br>Nevada Bar No. 8543<br>LEVENTHAL & ASSOCIATES<br>626 S. Third St.<br>Las Vegas, Nevada 89101 | Phone 702-472-8686<br>Fax    702-472-8685 | Plaintiff |
| BRENT T. ELLISON, ESQ.<br>Nevada Bar No. 12200<br>LAW OFFICE OF BRENT ELLISON<br>255 East Bonneville Ave.<br>Las Vegas, NV 89101 | Phone 702-852-1800<br>Fax    702-553-3493 | Plaintiff |

*/s/ Clarissa Reyes*

An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC