# Exhibit "A"

*Complaint*

COMP
TODD M. LEVENTHAL, ESQ.
Nevada Bar No: 008543
LEVENTHAL & ASSOCIATES
626 S. Third Street
Las Vegas, Nevada 89101
Telephone (702) 472-8686
Facsimile: (702) 472-8685
Email: leventhalandassociates@gmail.com
*Attorney for Plaintiff, Denise Carson*

BRENT T. ELLISON, ESQ.
Nevada Bar No.: 12200
LAW OFFICE OF BRENT ELLISON
255 East Bonneville Avenue
Las Vegas, Nevada 89101
Telephone: (702) 852-1800
Facsimile: (702) 553-3493
Email: brent@mynevadalawoffice.com
*Attorney for Plaintiff, Denise Carson*

FILED
JUL 1 6 2019
CLERK OF COURT
11:54 pm

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| DENISE R. CARSON, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> WALMART INC., a foreign corporation, DOES I through X, inclusive; and ROE CORPORATIONS I through V, inclusive; <br><br> Defendant(s) | CASE NO.: A-19-798606-C <br> DEPT. NO.: <br><br> **EXEMPT FROM ARBITRATION** <br> [Arbitration Exempt Claimed: Amount in Controversy Exceeds $50,000.00 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

-1-

COMES NOW, Plaintiff, Denise R. Carson, by and through her attorneys of record, Todd M. Leventhal, Esq., of Leventhal and Associates, and Brent T. Ellison, Esq., of the Law Office of Brent Ellison, and hereby complains, alleges and avers as follows:

## I.
## PARTIES

1. At all times herein relevant, Plaintiff, Denise R. Carson, was and is a resident of Clark County, Nevada.

2. At all times herein relevant, Defendant, Walmart Inc., doing business as Walmart, was and is a foreign corporation was conducting business in the State in the Nevada.

3. Defendants DOES I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff who thereon sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES I through X, and ROE CORPORATIONS I through X, are responsible in some manner for the events and happenings herein alleged. Plaintiff will ask leave of Court to amend this Complaint to insert the true names and capacities of DOES I through X, and ROE CORPORATIONS I through X when the names have been ascertained by Plaintiff.

4. The acts, events and circumstances complained of and asserted in the instant complaint occurred in Clark County, Nevada.

## II.
## FACTS

5. Plaintiff, Denise Carson, incorporates paragraphs 1 through 4 of the instant Complaint above as though set forth fully herein.

///

///

-2-

6. Upon information and belief, Defendant, Walmart Inc., doing business as Walmart (hereinafter referred to as "Walmart"), owns, operates, controls and/or maintains a commercial business located at 7200 Arroyo Crossing Parkway in Las Vegas, Nevada.

7. Plaintiff, Denise Carson, is a school teacher, a Nevada resident and a lifelong athlete for whom physical fitness and conditioning play a major component of her life.

8. On or about July 17, 2017, Plaintiff visited Walmart in order to purchase groceries for Plaintiff's home.

9. While in the process of attempting lift a case of water from a shelf, Plaintiff stepped into a large hole on the floor located underneath the shelf where the water was located which Walmart had negligently failed to secure.

10. At the time that the incident occurred, Walmart owed Plaintiff a duty of care to maintain Defendant's commercial property in a reasonably safe condition and to warn Plaintiff of unsafe conditions of which Defendant knew or reasonably should have been aware of.

11. Defendant, Walmart, negligently, carelessly and/or recklessly failed to inspect, maintain, own and/or control the premises of Defendant's property by permitting a dangerous condition to develop and remain in an area where Defendant knew, or through the exercise of reasonable diligence should have known, that patrons of Defendant's business, such as Plaintiff, would use when shopping at Defendant's store.

12. As a result of Defendant's actions, Plaintiff, Denise Carson, sustained life altering physical injuries when have necessitated in the need for substantial medical treatment and have detrimentally impacted the quality of Plaintiff's life.

///

///

-3-

## III.
## FIRST CAUSE OF ACTION
(Negligence)

13. Plaintiff, Denise Carson, incorporates paragraphs 1 through 12 of the instant Complaint above as though set forth fully herein.

14. Defendant, Walmart, Inc., owns, operates, controls and/or maintains a commercial business located at 7200 Arroyo Crossing Parkway in Las Vegas, Nevada.

15. As the owner and/or operator of the subject business, Defendant owed Plaintiff, Denise Carson, a duty of care to maintain Defendant's property in a reasonably safe condition and to warn Plaintiff of dangerous conditions which presented a risk of harm.

16. Defendant further owed Plaintiff a duty of care to adequately maintain and inspect the property which Defendant operated to ensure that the property was free from dangerous conditions.

17. Defendant negligently, carelessly and/or recklessly failed to inspect, maintain, control and/or manage Defendant's property by permitting a dangerous condition to develop and remain in an area where Defendant knew or through the exercise of reasonable diligence, should have known, would present a risk of danger to Plaintiff and other patrons of Defendant's commercial business.

18. As a direct and proximate result of Defendant's negligence in failing to inspect, maintain, own, control and/or manage Defendant's property, Plaintiff, Denise Carson, has suffered physical, mental, and emotional pain and has sustained monetary damages, subject to proof, in an amount in excess of fifteen thousand dollars ($15,000.00).

19. As a direct and proximate result of Defendant's negligence in failing to inspect, maintain, own, control and/or manage Defendant's commercial property, Plaintiff, Denise

-4-

Carson, has suffered a loss of wages and earning's capacity, to suffer permanent physical impairments and to experience a loss or diminishment in Plaintiff's overall quality of life, subject to proof, in an amount in excess of fifteen thousand dollars ($15,000.00).

20. As a result of the actions of Defendant, Plaintiff, Denise Carson, has been forced to retain the services of an attorney and is entitled to the reasonable attorney's fees and legal costs which Plaintiff has incurred as a result.

### SECOND CAUSE OF ACTION
(Vicarious Liability/Respondeat Superior)

21. Plaintiff, Denise, incorporates paragraphs 1 through 20 of the instant Complaint above as though set forth fully herein.

22. Employers, masters and principals are vicariously liable for the torts committed by their employees, servants and agents if the tort occurs while the employees, servants or agents were acting in the course and scope of their respective employment.

23. Defendant was the employer, master or principal of employees, agents, independent contractors and/or representatives who negligently failed to maintain a safe and hazard-free commercial location for Plaintiff to visit while engaging in affairs related to Defendant's business oeprations.

24. As a direct and proximate result of the failure of the employees, agents, independent contractors and/or representatives' failure to maintain a safe and hazard-free commercial location for Plaintiff to visit while engaging in affairs related to Defendant's business oeprations, Plaintiff, Denise Carson, has suffered physical, mental, and emotional pain and has sustained monetary damages, subject to proof, in an amount in excess of fifteen thousand dollars ($15,000.00).

25. As a direct and proximate result of the failure of the employees, agents, independent contractors and/or representatives' failure to maintain a safe and hazard-free commercial location for Plaintiff to visit while engaging in affairs related to Defendant's business oeprations, Plaintiff, Denise Carson, has suffered a loss of wages and earning's capacity, to suffer permanent physical impairments and to experience a loss or diminishment in Plaintiff's overall quality of life, subject to proof, in an amount in excess of fifteen thousand dollars ($15,000.00).

26. As a result of the actions of Defendant, Plaintiff, Denise Carson, has been forced to retain the services of an attorney and is entitled to the reasonable attorney's fees and legal costs which Plaintiff has incurred as a result.

### THIRD CAUSE OF ACTION
(Negligent Hiring, Training, Retention and Supervision)

27. Plaintiff, Denise Carson, incorporates paragraphs 1 through 26 of the instant Complaint above as though set forth fully herein.

28. Defendant had a duty to properly and adequately hire, train, retain and supervise personnel under Defendant's control so as to avoid unreasonable rish of harm to patrons of Defendant's business. Defendant was responsible fort the hiring, training, retaining, supervision, and control of employee(s), including DOE Defendants.

29. As a direct and proximate result of the actions of Defendant and Defendant's failure to exercise reasonable care in the hiring, training, retentioon and supervision of employee(s), including DOE Defendants, Plaintiff, Denise Carson, has suffered physical, mental, and emotional pain and has sustained monetary damages, subject to proof, in an amount in excess of fifteen thousand dollars ($15,000.00).

30. As a direct and proximate result of the actions of Defendant and Defendant's failure to exercise reasonable care in the hiring, training, retentioon and supervision of employee(s), including DOE Defendants, Plaintiff, Denise Carson, has suffered a loss of wages and earning's capacity, to suffer permanent physical impairments and to experience a loss or diminishment in Plaintiff's overall quality of life, subject to proof, in an amount in excess of fifteen thousand dollars ($15,000.00).

31. As a result of the actions of Defendant, Plaintiff, Denise Carson, has been forced to retain the services of an attorney and is entitled to the reasonable attorney's fees and legal costs which Plaintiff has incurred as a result.

### FOURTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

32. Plaintiff, Denise Carson, incorporates paragraphs 1 through 31 of the instant Complaint above as though set forth herein.

33. As the owner and/or operator of a commercial business, Defendant owed Plaintiff, a patron of Defendant's business, a duty of care to provide Plaintiff with a safe environment in which to conduct activities related to Defendant's business operations.

34. Defendant failed to adhere to the duty of care which was imposed on Defendant by law by failing to inspect, maintain, own, control and/or manage Defendant's commercial property in a manner which would have provided Plaintiff with a safe environment in which to engage in affairs related to Defendant's business operations.

35. As a result of the actions of Defendant, Plaintiff, Denise Carson, has suffered severe emotional distress.

///

36. As a direct and proximate result of the actions of Defendant, Plaintiff, Carmen Martinez, has suffered emotional pain and has sustained monetary damages, subject to proof, in an amount in excess of fifteen thousand dollars ($15,000.00).

37. As a result of the actions of Defendant, Plaintiff, Denise Carson, has been forced to retain the services of an attorney and is entitled to the reasonable attorney's fees and legal costs which Plaintiff has incurred as a result.

WHEREFORE, Plaintiff, Denise Carson, prays for judgment of this Court as follows:

1. For general damages in amount in excess of fifteen thousand dollars ($15,000.00);

2. For special damages in amount in excess of fifteen thousand dollars ($15,000.00);

3. For punitive damages in amount in excess of fifteen thousand dollars ($15,000.00);

4. For damages for lost wages and lost earnings;

5. For damages for pain and suffering and lost enjoyment;

6. For reasonable attorney's fees and legal costs; and

7. For such other and further relief as and this Court may deem just and proper.

Dated this 16th day of July, 2019.

BRENT T. ELLISON, ESQ.
Nevada Bar No.: 12200
LAW OFFICE OF BRENT ELLISON
255 East Bonneville Avenue
Las Vegas, Nevada 89101
Telephone: (702) 852-1800
Facsimile: (702) 553-3493
Email: brent@mynevadalawoffice.com
*Attorney for Plaintiff, Denise Carson*